UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DR. DWAIN A. HAMILTON, M.D. | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| SHERIDAN HEALTHCORP, INC., a | § | |
| Florida Corporation; SHERIDAN | § | |
| HEALTHCARE CORPORATION; | § | |
| DR. JOSEPH LOSKOVE, M.D. | § | |
| DR. JEAN MILES, M.D.; AND DOES 1 | § | |
| through 10, Inclusive, | § | |
| | § | |
| Defendants. | § | *Jury Trial Demand Made* |

## COMPLAINT FOR DAMAGES WITH JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, DR. DWAIN A. HAMILTON, M.D. (hereinafter "Plaintiff"), and files this COMPLAINT against SHERIDAN HEALTHCORP; and against the following officials of SHERIDAN HEALTHCORP, in their individual capacities: DR. JOSEPH LOSKOVE, M.D. Department Chair of SHERIDAN HEALTHCORP; DR. JEAN MILES, M.D., Department Chair of SHERIDAN HEALTHCORP; and Does One through Ten, Inclusive  (Collectively, "the Defendants") and in furtherance thereof, would respectfully show unto this Court

1

as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C., Section 2000(e) et seq.; pursuant to the Civil Rights Act of 1991; and pursuant to Section 1981 of the Civil Rights Act of 1866 (42 U.S.C., Section 1981 et seq.).

2.      Plaintiff requests that this Court exercise supplemental jurisdiction over all of the State law claims set forth herein, pursuant to the supplemental jurisdiction of this Court authorized by 28 U.S.C., Section 1367(a).

3.      The Court has venue over this matter because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district, the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to the claims maintained and administered by Defendant in this district.   28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## THE PARTIES

4.      Plaintiff, DR. DWAIN A. HAMILTON, M.D. ("Plaintiff" or "HAMILTON") is an adult African-American, Black, male, and is a resident and citizen of the United States of America and of the State of Florida.

2

5.     Defendant, SHERIDAN HEALTHCORP, INC. is Florida corporation doing business in the State of Florida as a provider of healthcare services, including anesthesia services, to the health care industry in Southern Florida.

6.     Defendant, SHERIDAN HEALTHCARE CORP. is Florida corporation doing business in the State of Florida as a provider of healthcare services, including anesthesia services, to the health care industry in Southern Florida.

7.     On information and belief, Plaintiff further alleges that "SHERIDAN HEALTHCORP, INC." is also known "SHERIDAN HEALTHCARE CORP." SHERIDAN HEALTHCORP, INC. and SHERIDAN HEALTHCARE CORP. are related entities and/or, are one and the same entity.  Said entities will sometimes be collectively referred to herein as "SHERIDAN".

8.     SHERIDAN is a provider of anesthesiology services and other specialties to the health care industry, including hospitals, outpatient centers and other providers of health services in the State of Florida.

9.     SHERIDAN contracts anesthesia services to, among other healthcare facilities, MEMORIAL REGIONAL HOSPITAL ("MEMORIAL") in Hollywood, Florida, which is the face of healthcare for the community in the South Broward

3

hospital district.   At all material times herein, Plaintiff was assigned to night call duties at MEMORIAL as an Anesthesiologist.

10.     SHERIDAN is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.  SHERIDAN has over 500 employees as that term is defined in applicable State and Federal Laws.

11.     At all material times herein, Defendant, DR. JOSEPH LOSKOVE, M.D.  ("LOSKOVE"), was the Department Chair of SHERIDAN.

12.     At all material times herein, Defendant, DR. JEAN MILES ("MILES") was the Vice-Chair of SHERIDAN.

13.     The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of Defendants,  DOES 1 through 10, inclusive, are unknown to the Plaintiff, who therefore sue said Defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

14,     At all material times herein mentioned, each of the individual employees of Defendant SHERIDAN who engaged in the wrongful acts referred to herein was the agent, servant and employee of SHERIDAN and was at all times

4

herein mentioned, acting within the scope of said agency and employment. SHERIDAN, at all times relevant hereto had actual and constructive knowledge of the conduct described herein and that Plaintiff's race and color were motivating factors for the actions taken.

15.    The actions of each of the individual employees of Defendant SHERIDAN who engaged in the wrongful acts referred to herein alleged were authorized, ratified and approved by the officers or managing agents of the Defendant SHERIDAN, as specified herein.  In that regard, following each of the specified wrongful acts complained of herein, officers or managing agents of the Defendant SHERIDAN ratified each such specified act of the designated agents and/or employees of the said Defendant SHERIDAN.  SHERIDAN is liable for the conduct of its employees, officers, agents, representatives and superiors due to the doctrine of *respondeat superior*.

16.    At all material times herein, each of the Defendants named herein was the co-conspirator of each of the other said Defendants, and all of the Defendants acted jointly and in concert with each other, as co-conspirators, and were acting pursuant to the conspiracy.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.    At all pertinent times Plaintiff was and is an African-American, Black,

Male.

18.     HAMILTON was employed by the SHERIDAN on or about June 29, 2009 as an Attending Anesthesiologist, at a starting salary of $285,000 USD per annum.  At all material times herein, Plaintiff was the only African-American, Black Male Anesthesiologist employed by SHERIDAN.  Plaintiff's duties included patient care in the operating room and off-site locations, with call responsibilities approximately every fourth night.

19.     During Plaintiff's employment for SHERIDAN, he was periodically assigned to MEMORIAL.   On or about April 20, 2009, Plaintiff was transferred back to MEMORIAL to assume the night call duties, a position previously held by a physician who was found to be clinically incapable of handling the responsibilities required by the position, at a salary of $300,000.00 USD per annum.  Plaintiff remained in that position until on or about April 26, 2012, when he was wrongfully demoted and, thereafter, on or about July 3, 2012, he was wrongfully and summarily terminated, all as more particularly alleged herein.

20.     At all material times herein, Title VII of the Civil Rights Act of 1964, 42 U.S.C., Sections 2000e, et seq., provided for injunctive and other relief against discrimination in employment. This suit is brought seeking legal and equitable remedies.

21.     At all material times to this action, Section 1981 of the Civil Rights Act of 1866 (42 U.S.C., Section 1981) guaranteed that all persons within the jurisdiction of the United States shall **"have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens"**.

22,     At all material times herein, the Civil Rights Act of 1991, was in effect.  The Civil Rights Act of 1991 amended 42 U.S.C., Section 1981 to provide that the term "make and enforce contracts" includes:

> **"the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."**

23.     The Civil Rights Act of 1991 and 42 U.S.C., Section 1981 as amended (42 U.S.C., Section 1981A) provides that a person pursuing a claim under Title VII of the Civil Rights Act of 1964 or under 42 U.S.C. Section 1981 may recover for compensatory and punitive damages in the case of intentional employment discrimination on account of race.

24.     Said statutory provisions were in full force and effect during all times material to this action.  Plaintiff is an African-American, Black male, and, as such, was a member of a protected class and, at the time of the wrongful acts complained of herein, was entitled to the protection of the above-cited provisions.  Said statutory provisions were and are for the purpose of protecting employed persons

7

in the specified protected classes, including Plaintiff, from being discriminated against by reason of their race or color in matters relating to their employment, by the conduct of employers or other persons, such as alleged.

25.    During his employment by SHERIDAN, HAMILTON worked as an Anesthesiologist at MEMORIAL.

26.    At all material times herein, Plaintiff was the only African-American, Black Male Anesthesiologist employed by SHERIDAN.

27.    At all material times herein, HAMILTON was one of the top members of SHERIDAN's Anesthesiology team, had one of the lowest complication rates at MEMORIAL and was selected as the Crew Resource Provider of the Month for the 4th Quarter in 2011.

28.    At all material times, Defendants had an affirmative obligation to assure that the Application and use of SHERIDAN's employment rules, practices, policies and Procedures be applied without discrimination based on race or color, without prejudice and without creating an intimidating, offensive, hostile working environment.

29.    During the course of his employment, including, during April, 2012, Plaintiff was discriminated against because of his race (African-American) and color (Black) and was subjected to harassment, intimidation and an offensive,

8

hostile working environment, including, without limitation, unwarranted and discriminatory monitoring procedures and, without limitation, the following acts:

    a.    Plaintiff was falsely accused of being unwilling to take call assignments, although his position description did not require call responsibility;

    b.    Plaintiff was falsely accused of "delaying a nerve block" for a patient and "delaying surgery for a life-threatening emergency, despite the fact that the patient was under the care of four other physicians before Plaintiff started his shift, and the other two night call physicians don't perform nerve blocks at night because they are seen as "elective procedures";

    c.    LOSKOVE falsely stated to Plaintiff that he had received complaints about HAMILTON from staff and colleagues and that he (LOSKOVE) could make HAMILTON "a better person and physician."

30.    On or about April 26, 2012, without justification, SHERIDAN, acting by and through Defendants LOSKOVE and MILES, demoted Plaintiff and subjected Plaintiff to a significant pay reduction, allegedly for performance issues. The letter stating the reasons for Plaintiff's demotion contained numerous false

statements and inaccuracies.   SHERIDAN had not similarly demoted or reduced the pay of similarly situated, non-African-American and non-Black SHERIDAN employees for the same or similar asserted reasons.

31.    During April 26, 2012, at a meeting regarding the subject of his demotion and pay cut, Plaintiff complained to LOSKOVE and SHERIDAN that his demotion was discriminatory based on his African-American race, and on his color, Black, and cited an instance where a similarly situated Jewish-White Anesthesiologist (Dr. Carmel, Jewish), had been "given a pass" in the face of poor clinical performance.

32.    During said April, 2012 meeting, Plaintiff complained that he was being treated in a discriminatory manner based on his race and stated to LOSKOVE, that:

> **"I have done everything you have asked of me in the Obstetric Suite with good clinical outcomes, so why am I being demoted?"**

In response, LOSKOVE stated to Plaintiff, in the presence of other persons at the meeting, that:

> **"I don't have confidence that you could be the 'face' of the Department at night".**

At the time of said statement, Plaintiff was the only Black Male Anesthesiologist in the Department.

10

33.     The day following the above-described April, 2012 meeting, Plaintiff sent a text to LOSKOVE in which Plaintiff repeated his complaint that his demotion was discriminatory, on the grounds of his race and color.   In said text, HAMILTON stated to LOSKOVE:

**"If I was Dr. Carmel (Jewish), I'd still have my job".**

LOSKOVE never responded to Plaintiff's text, complaining of discrimination, although he had routinely responded to previous texts from Plaintiff.

34.     Prior to July, 2012, Plaintiff requested and received approval for FMLA leave due to an injury that he sustained.

35.     Prior to July, 2012, Plaintiff requested and received approval for FMLA leave due to an injury that he sustained.  As of June 29, 2012, Plaintiff was still on said approved medical leave and informed SHERIDAN that he not yet been medically released by his treating physician or any physician.  On June 30, 2012, HAMILTON sent an email to SHERIDAN's  HR Department, stating that he had not yet received a medical certification releasing him to return to work and the HR Department stated to HAMILTON that it was "Ok".   On July 3, 2012, HAMILTON was fired by SHERIDAN, without justification and despite the fact that he was still on approved FMLA leave."

36.     In terminating Plaintiff's employment, HAMILTON was

discriminated against and treated disparately on the basis of his race and color.

SHERIDAN had routinely extended the benefit of approved FMLA

leave to its similarly situated non-African-American and non-Black employees and

had not terminated the employment of such employees while they were still on

approved medical leave, as SHERIDAN did in HAMILTON's case.

37.     Defendants' actions, in wrongfully demoting Plaintiff, and thereafter,

in wrongfully terminating Plaintiff, was motivated by Defendants' intent to

discriminate against Plaintiff on account of his race (African-American) and

his color (Black), and was in violation of Title VII and 42 USC § 1981.

38.     On or about July 16, 2012, Plaintiff filed a Charge of Discrimination

based on Race and Retaliation against SHERIDAN HEALTHCORP., INC. with

the Florida Commission on Human Relations and the EEOC.  Said Charge was

assigned Charge Number EEOC 510-2012-04498.  A copy of said Charge of

Discrimination is attached hereto as **Exhibit No. 1**.

39.     Prior to the commencement of this action, Plaintiff was given a

"Notice of Right to Sue (Issued on Request) from the U.S. Equal Employment

Opportunity Commission.  A copy of said Notice, dated April 18, 2013, is attached

hereto as **Exhibit No. 2**.

40.     Prior to the expiration of the 90 day deadline stated in the Notice of

Right to Sue, the Plaintiff and the Defendant SHERIDAN entered into a "Third
Standstill Agreement", extending all statutes of limitations and filing deadlines
which are the subject of this action, up to and including **September 16, 2013**.  A
fully executed copy of said "Third Standstill Agreement" is attached hereto as

**Exhibit No. 3**.

41.     The Plaintiff has exhausted all administrative remedies prior to filing
his lawsuit and this action is timely.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF - VIOLATION OF TITLE VII AND VIOLATION OF 42 U.S.C. §§ 1981, et seq. BY RACE DISCRIMINATION

42.     Plaintiff adopts by reference and realleges each and every allegation
of Paragraphs 1 through 41 of this Complaint the same as though specifically set
out herein again.

43.     During the period between April 26, 2012 and July 3, 2012,
Defendants, and each of them, discriminated against Plaintiff, harassed him on
account of his race and color (Black), retaliated against him, and wrongfully
demoted him, and thereafter, wrongfully terminated him, as more particularly
alleged in paragraphs 26 through 38 herein.

44.     In engaging in the above-described wrongful conduct and actions,

including, without limitation, demoting Plaintiff on account of his race and color and, thereafter, terminating Plaintiff on account of his race and color, Defendants discriminated against Plaintiff, and treated Plaintiff disparately from similarly situated non-African-American and non-Black employees, all on account of Plaintiff's race (African-American) and color (Black).

45.    After Plaintiff complained of Defendants' discrimination, Defendants retaliated against Plaintiff for complaining about said discrimination.  In that regard, Plaintiff was subjected to unwarranted monitoring procedures and was demoted and subjected to a substantial pay reduction, for alleged performance issues, that were non-life threatening and, in any case were unfounded and untrue, whereas other similarly situated, non-African-American, non-Black employees (i.e. White, Jewish, Hispanic and others), were not demoted, subjected to pay reductions, denied approved FMLA leave, or terminated.

46.    The reasons stated by Defendants for terminating Plaintiff were not true and, instead, were simply a pretext for discrimination and retaliation. Defendants had an affirmative obligation to fairly and impartially weigh the facts of a situation before implementing its disciplinary procedures that, by the test of a reasonable person, can reasonably cause emotional distress and harm to the reputation of an employee. The Defendants' action constituted a clear effort to

14

discriminate and retaliate against the Plaintiff and to damage the reputation and future employability and advancement of the Plaintiff.

47.     Not only did Defendants fail to attempt to stop the above-described discriminatory and unlawful activity, but by and through their employees, officers and supervisors, agents and representatives, Defendants aided and abetted said activity, by inciting and encouraging additional illegal activity, including discrimination and retaliation against Plaintiff.

48.     Each of the above-described acts were engaged in by Defendant's supervisors and managerial employees and were ratified by Defendant SHERIDAN.  Said acts were engaged in a discriminatory manner against Plaintiff by reason of his race (African-American) and color (Black). In doing the things alleged herein, Plaintiff was treated disparately from his similarly situated non-African-American and non-Black co-workers.  Said conduct by Defendant was and is in violation of Plaintiff's rights under Title VII, Civil Rights Act of 1964 and under the 42 U.S.C., Section 1981, as amended by the 1991 Civil Rights Act.

49.     Plaintiff alleges that, in addition to the conduct, activities and practices enumerated above, Defendants have engaged in other illegal actions against Plaintiff which are not yet fully known.    At such time as said discriminatory practices become known to him, Plaintiff will seek leave to amend

this pleading, and reserves his right to do so.

50.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation, Plaintiff was treated disparately and in a discriminatory manner by Defendant SHERIDAN on account of his race (African-American) and color (Black), and was wrongfully demoted, retaliated against and discharged from his employment at SHERIDAN.  Plaintiff was thereby deprived of his rights secured by law, including his rights of equal opportunities in employment, was illegally discriminated and retaliated against, and was wrongfully demoted, and thereafter,  terminated from his employment at SHERIDAN, thereby sustaining damages, including, without limitation, humiliation, damage to reputation, mental anguish and emotional distress; and has suffered and will continue to suffer a loss of past and future earnings, and other employment benefits and job opportunities.  Plaintiff is thereby entitled to, and prays for general and compensatory damages in an amount that is all according to proof.

51.     Plaintiff was wrongfully discharged from his employment at SHERIDAN and seeks reinstatement in addition to damages, according to proof.

52.     Plaintiff will be caused to incur attorneys' fees in the prosecution of this action, all according to proof.  Plaintiff seeks an award of attorneys' fees

16

pursuant to, but not limited to, 42 U.S.C. Section 1988.

53.     In doing the things alleged herein, Defendants, and each of them, acted intentionally, and with deliberate indifference to Plaintiff's rights, maliciously and for the illegal purpose of discriminating against Plaintiff on account of his race (African-American) and color (Black), and for the purpose of depriving Plaintiff of his civil rights in violation of United States law, as alleged above.  By reason of the nature of the conduct of the Defendants, and each of them, Plaintiff prays for exemplary and punitive damages against said Defendants, and each of them, in an amount appropriate to punish said Defendants and set an example, all according to proof.

## SECOND CLAIM FOR RELIEF - VIOLATION OF TITLE VII AND VIOLATION OF 42 U.S.C. §§ 1981, et seq. BY RETALIATION

54.     Plaintiff repeats, realleges and repleads each and every allegation of Paragraphs 1 through 48 of this Complaint the same as though specifically set out herein again.

55.     At all material times herein, 42 U.S.C. § 2000e-3(a) provided, in part, that:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title, [42 U.S.C. §§ 2000e

17

**to 2000e-17], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 U.S.C. §§ 2000e to 2000e-17]."**

56.    After HAMILTON complained to LOSKOVE that he was being discriminated against, as more particularly alleged hereinabove, and after HAMILTON sent the above-described, April, 2012 text message to LOSKOVE, complaining of discrimination to the Defendants, and as a direct and legal cause and result of making said complaints of discrimination to Defendants, and in retaliation against HAMILTON for making said complaints, Defendants took numerous adverse actions against HAMILTON, including, without limitation, terminating Plaintiff while he was on approved medical leave, as more particularly alleged hereinabove.

57.    As a direct and legal cause of the conduct of Defendants, and each of them, HAMILTON sustained damages, as more particularly alleged hereinabove.

58.    Plaintiff by this action seeks reinstatement and seeks to be made whole for the damages caused by Defendants, and thereby prays for recovery of such damages and for such relief and the Court considers proper.   Plaintiff also seeks an award of attorneys fees pursuant to, but not limited to, 42 U.S.C. Section 1988.

59.     In doing the things alleged herein, Defendants, and each of them, acted intentionally, maliciously, for the illegal purpose of retaliating against HAMILTON on account his race (African-American) and color (Black), and for the purpose of depriving HAMILTON of his rights in violation of Florida and United States law.  By reason of the nature of the conduct of Defendants, and each of them, Plaintiff prays for exemplary and punitive damages against said Defendants, in an amount appropriate to punish said Defendants and set an example, all according to proof.

## THIRD CLAIM FOR RELIEF - VIOLATION OF FLORIDA CIVIL RIGHTS ACT BY DISCRIMINATION AND RETALIATION

60.     Plaintiff repeats, realleges and repleads each and every allegation of Paragraphs 1 through 59 of this Complaint the same as though specifically set out herein again.

61.   At all material times herein, Article I, Section 2 of the Florida Constitution as well as Florida Statutes 760.01 – 760.11 ("Florida Civil Rights Act of 1992"), provided and expressed that the public policy of the State of Florida is to protect the right of all persons to seek, obtain, and hold employment without discrimination on account of race, color, religion, sex, age, disability or national origin.

62. During the course of Plaintiff's employment at SHERIDAN, Defendants, in violation of the Florida Civil Rights Act, discriminated against Plaintiff on account of his race (African-American) and color (Black), as more particularly alleged herein. Defendant's conduct of discriminating against Plaintiff, by treating him in an unfair an discriminatory manner during the course of his employment, included numerous acts of illegal, discriminatory and unfair treatment, which resulted in Plaintiff lodging complaints of discrimination with Defendant SHERIDAN's management, as alleged herein.

63. As a direct and proximate cause of Plaintiff complaining of discrimination to the Defendants, and as a direct and legal cause and result of making said complaints of discrimination to management, and in retaliation against HAMILTON for so complaining, Defendants took numerous adverse actions against HAMILTON, including, without limitation, terminating Plaintiff, as alleged herein above.

64. As a direct, legal and proximate cause of the discrimination and retaliation against Plaintiff, as more particularly alleged herein, including, without limitation, Paragraphs 43 through 50 of the First Claim for Relief, and Paragraphs 55 and 56 of the Second Claim for Relief, Plaintiff was damaged and deprived of his rights of equal opportunities and freedom from racial discrimination and

retaliation in employment, and suffered damages, including wrongful termination from his employment, thereby losing income and related fringe benefits and seniority rights, emotional distress, will be caused to incur attorneys fees in the prosecution of this action, and other damages, all according to proof herein. Plaintiff by this action seeks to be made whole for the damages caused by defendants, and thereby prays for recovery of such damages and for such relief and the Court considers proper.  Plaintiff was wrongfully discharged from his employment at SHERIDAN and seeks reinstatement in addition to damages, according to proof.

65.    In doing the things alleged herein, Defendants, and each of them, acted intentionally, maliciously, for the illegal purpose of retaliating against HAMILTON on account his race (African-American) and color (Black), and for the purpose of depriving HAMILTON of his rights in violation of Florida and United States law. By reason of the nature of the conduct of Defendants, and each of them, Plaintiff prays for exemplary and punitive damages against said Defendants, in an amount appropriate to punish said Defendants and set an example, all according to proof.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon

notice and hearing that judgment be entered in him favor and against Defendants, and each of them, for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses.  Plaintiff further requests all equitable relief allowed under law, including injunctive relief should that be sought.  Should further actions of the Defendants require additional equitable/injunctive relief, the Plaintiff hereby prays for that relief.

Plaintiff further prays for punitive and exemplary damages against each of the corporate and individual Defendants in their individual capacities for deliberate violations of Plaintiff's rights, as alleged herein and in accordance with law, and all according to proof.

Respectfully submitted:

Willie E. Gary, Esquire
GARY, WILLIAMS, PARENTI, WATSON & SPERANDO, PL
Waterside Professional Building
221 East Osceola Street
Stuart, Florida  34994
Email: weg@williegary.com and dpk@williegary.com
(772) 283-8260 Office
(800) 329-4279 Toll free
(772) 220-3343 Fax

## DEMAND FOR JURY TRIAL

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS:

NOTICE IS HEREBY GIVEN THAT Plaintiff, DWAIN A. HAMILTON,

22

hereby demands a trial by jury of this action of all issues so triable, pursuant to

Rule 38(b), Federal Rules of Civil Procedure, and all applicable Local Rules.

DATED: September 13, 2013

Respectfully submitted,

Willie E. Gary, Esquire
GARY, WILLIAMS, PARENTI, WATSON & SPERANDO, PL
Waterside Professional Building
221 East Osceola Street
Stuart, Florida  34994
Email: weg@williegary.com and dpk@williegary.com
(772) 283-8260 Office
(800) 329-4279 Toll free
(772) 220-3343 Fax