UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62008-CIV-COHN/SELTZER

DR. DWAIN A. HAMILTON, M.D.,

    Plaintiff,

v.

SHERIDAN HEALTHCORP, INC., SHERIDAN
HEALTHCARE, INC., DR. JOSEPH LOSKOVE,
M.D., and DR. JEAN MILES, M.D.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Jury Demand [DE 21] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response [DE 27], and Defendants' Reply [DE 29], and is otherwise advised in the premises.

**I.   BACKGROUND**

This action arises out of discrimination Plaintiff Dr. Dwain A. Hamilton allegedly suffered at the hands of his former employers, Defendants Sheridan Healthcorp, Inc., and Sheridan Healthcare, Inc. (collectively, "Sheridan"). Hamilton is an African-American male. DE 9 ¶ 18. From 2009 to 2012, Hamilton worked for Sheridan as an anesthesiologist at the Memorial Regional Hospital in Hollywood, Florida. Id. ¶¶ 9, 23–24. Defendants Dr. Joseph Loskove and Dr. Jean Miles also worked for Sheridan in supervisory roles. Id. ¶¶ 11–12. Hamilton alleges that, on April 26, 2012, Loskove and Miles demoted him because of his race and skin color. Id. ¶¶ 30–32. In July 2012, Sheridan fired Hamilton. Id. ¶ 36. Hamilton contends that his termination also resulted from discrimination on the basis of race and skin color. Id. ¶¶ 37–38. On

September 13, 2013, Hamilton commenced this action on the basis of the discrimination he alleges. DE 1. On October 23, 2013, Hamilton filed his First Amended Complaint ("Complaint")—the operative pleading—requesting a jury trial on claims of race discrimination and retaliation under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act. DE 9 ¶¶ 17–110.

On November 19, 2013, Defendants filed the Motion, seeking to strike the jury demand from Hamilton's Complaint. Defendants base the Motion upon a Physician Employment Agreement between Hamilton and Sheridan establishing the terms of Hamilton's employment. The agreement contains a waiver of the right to a jury trial, which reads:

> (o) <u>Jury Trial</u>. EACH PARTY WAIVES ALL RIGHTS TO ANY TRIAL BY JURY IN ALL LITIGATION RELATING TO OR ARISING OUT OF THIS AGREEMENT.

DE 26-1 at 10.

## II.   DISCUSSION

Defendants argue that Hamilton waived his right to a jury trial on his claims against them when he signed the Physician Employment Agreement. Defendants accordingly seek to enforce the waiver and strike the jury demand from Hamilton's Complaint. Hamilton counters that, though he did sign the Physician Employment Agreement, his waiver was ineffective because it was not knowing and voluntary. Hamilton also argues that the waiver does not apply to his claims against Loskove and Miles, because Loskove and Miles did not sign Hamilton's Physician Employment Agreement. For the reasons set forth herein, the Court finds that Hamilton's waiver of a jury trial was knowing and voluntary, and that Loskove and Miles are entitled to enforce

the waiver against Hamilton.  The Court will therefore grant Defendants' Motion to Strike Jury Demand.

    A.  <u>**Hamilton's Jury Trial Waiver Was Knowing and Voluntary**</u>

"The Seventh Amendment [to the United States Constitution] provides that 'in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'"  <u>Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558, 564 (1990) (quoting U.S. Const. amend. VII).  However, a party may waive its right to a jury trial if the waiver is knowing and voluntary.  <u>Bakrac, Inc. v. Villager Franchise Sys., Inc.</u>, 164 F. App'x 820, 823 (11th Cir. 2006).  In determining whether a waiver is knowing and voluntary, the Court will consider a number of factors, including:

> (1) the conspicuousness of the [waiver] provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.

<u>Allyn v. W. United Life Assurance Co.</u>, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

With regard to the first factor, it is hard to conceive of a waiver provision more conspicuous than the one in the Physician Employment Agreement.  The waiver provision appears immediately above the signature portion of the agreement.  The entire waiver provision appears in capital letters, whereas the agreement's other provisions generally appear in sentence case—that is, with only the first letter of a sentence and of any proper nouns being capitalized.  Finally, the waiver provision contains a single, concise sentence clearly stating that the parties to the contract waive any rights to a jury trial.  <u>See</u> DE 26-1 at 10.  The end result is that the waiver provision jumps off of the signature page at the reader and stands in stark contrast to the

Physician Employment Agreement's other provisions.  The waiver provision is thus highly conspicuous.

Hamilton is also sufficiently sophisticated to waive his right to a jury trial.  By Hamilton's own admission, he is "a medical doctor, [and] highly educated and intelligent."  DE 27 at 3.  Hamilton argues that he nevertheless lacked the knowledge to understand "the consequences of waiving his important constitutional right to a jury trial."  Id.  The Court rejects Hamilton's argument that some sort of specialized legal knowledge is necessary for an individual to effectively waive his right to a jury trial.  Instead, people of ordinary understanding are capable of binding themselves—and waiving a jury trial—by way of contract.  See Oglesbee v. Indymac Fin. Servs., Inc., 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009) (district manager with four years of post-high school instruction sufficiently sophisticated to waive jury trial).  An educated and intelligent individual such as Hamilton is therefore amply sophisticated to comprehend and waive his right to a jury trial.

The evidence relating to the remaining factors is equivocal.  Hamilton argues that the terms of the Physician Employment Agreement were not negotiable.  DE 27 at 4.  Hamilton, however, has provided no evidence that he asked Sheridan to modify the terms of the agreement and was refused.  Similarly, Hamilton states that "there is no evidence that there was equal bargaining power" between the parties to the agreement (id.), but the converse is also true: there is no evidence of unequal bargaining power.  That the agreement was allegedly "presented to [Hamilton] for his signature on a take it or leave it basis" (id.) does not alter the outcome.  When a party can decline to sign a contract if the terms are unacceptable, the sort of gross disparity in bargaining power

4

necessary to render the contract involuntary is not present.  Oglesbee, 675 F. Supp. 2d at 1158–59 (unequal bargaining power "only exists when a party is forced to accept the terms of an agreement as written . . . [and] is unable to simply walk away").  Finally, Hamilton was not represented by counsel when he signed the Physician Employment Agreement.  DE 27 at 4.  Hamilton fails to allege, however, that he did not have the opportunity to obtain counsel or that he even desired to have an attorney review the agreement before he signed it.  Cf. Winiarski v. Brown & Brown, Inc., No. 07-409, 2008 U.S. Dist. LEXIS 35799, at *10 (M.D. Fla. May 1, 2008) (enforcing jury waiver where plaintiff alleged no deprivation of opportunity to consult counsel).  In short, the third through fifth factors discussed in Allyn do not weigh appreciably for or against a finding of waiver.

Viewing all of the facts and circumstances together, the Court finds that Hamilton's waiver of a jury trial was knowing, voluntary, and effective.  Hamilton, an intelligent, educated man, signed a Physician Employment Agreement containing a conspicuous jury trial waiver of his own free will.  In the absence of evidence that Hamilton was deprived of the ability to negotiate the terms of the agreement, coerced into signing the agreement, or denied the opportunity to have counsel review the agreement, he must bear the consequences of his bargain.

### B. Loskove and Miles May Enforce the Waiver Against Hamilton

Generally, only parties to a contract may enforce its jury trial waiver.  Williams v. Wells Fargo Bank, N.A., No. 11-21233, 2011 WL 4901346, at *13 (S.D. Fla. Oct. 14, 2011).  However, an exception to the rule exists for the agents of a party to a contract.  Where a principal has signed a contract containing a jury waiver clause, its employees and agents may also enforce the waiver with regard to claims arising from acts taken

within the scope of their employment or agency.  E.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 222–25 (3d Cir. 2007); Price v. Cushman & Wakefield, Inc., 808 F. Supp. 2d 670, 706–07 (S.D.N.Y. 2011); Andre v. Sellstate Realty Sys. Network, Inc., No. 09-503, 2010 U.S. Dist. LEXIS 84873 (M.D. Fla. Aug. 18, 2010).

Here, Hamilton argues that Loskove and Miles cannot enforce the jury waiver in the Physician Employment Agreement because they did not sign the agreement.  DE 27 at 4–6.  In his Complaint, however, Hamilton alleges:

> At all material times herein mentioned, each of the individual employees of the Defendant SHERIDAN, including, without limitation, LOSKOVE and MILES, who engaged in the wrongful acts referred to herein, was the agent, servant and employee of SHERIDAN and was at all times herein mentioned, acting within the purpose and scope of said agency and employment.

DE 9 ¶ 13.  Because Hamilton's claims against Loskove and Miles arise out of actions they allegedly took in the scope of their agency and employment with Sheridan, Loskove and Miles are entitled to enforce the jury trial waiver in the Physician Employment Agreement between Sheridan and Hamilton.  See Tracinda Corp., 502 F.3d at 222–25.[1]

### III.  CONCLUSION

In sum, Hamilton waived his right to a jury trial for claims relating to his employment with Sheridan when he signed the Physician Employment Agreement.  Hamilton made this waiver knowingly and voluntarily.  Sheridan, and Loskove and Miles as Sheridan's agents, therefore may enforce the waiver against Hamilton.

---

[1] Because Loskove and Miles may enforce the waiver as agents of Sheridan, the Court need not address the parties' remaining arguments regarding the applicability of the waiver under estoppel or third-party beneficiary theories.

It is accordingly **ORDERED AND ADJUDGED** that Defendants' Motion to Strike Jury Demand [DE 21] is **GRANTED**.  The demand for a jury trial in the First Amended Complaint [DE 9] is hereby **STRICKEN**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of February, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF